IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jacqueline Sequoia, | ) | Case No. 8:25-cv-03144-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Oconee County Animal Control, Ryan King, Tonya Spalti, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Magistrate Judge's Report and Recommendation ("Report"). ECF No. 56. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report. On June 25, 2025, Defendant filed a renewed motion for summary judgment. ECF No. 21. Plaintiff filed a response, and Defendant filed a reply. ECF Nos. 43, 52. On December 10, 2025, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted as to the federal causes of action, the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and remand the state law claims; in the alternative, the Magistrate Judge recommends that the motion for summary judgment be granted as to all of Plaintiff's claims. ECF No. 56. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Defendants filed objections. ECF No. 60.

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

**ANALYSIS**

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough discussion of the relevant facts and appliable law, which the Court incorporates by reference. As stated above, Defendants filed objections in which they requested that the Court adopt the Magistrate Judge's alternative recommendation and grant summary judgment as to all of Plaintiff's claims. Plaintiff has not filed objections or a reply to Defendants' objections. Accordingly, the Court has reviewed the portion of the Report recommending that summary judgment be granted as to Plaintiff's federal claims for clear error and has reviewed the portion of the Report recommending that the Court decline to

exercise supplemental jurisdiction over Plaintiff's state law claims and the alternative recommendation de novo.

Upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge that summary judgment is appropriate with respect to Plaintiff's federal causes of action.

Turning to Plaintiff's state law claims, she asserts claims for: 1) conversion based on Defendant's unlawful seizure and retention of Plaintiff's animals, causing financial loss; (2) trespass to property based on Defendants' damage to Plaintiff's home; (3) negligence based on Defendants' failure to secure Plaintiff's home, resulting in the loss of a cat; (4) intentional infliction of emotional distress based on Defendants' conduct causing emotional distress to Plaintiff and her children; and (5) injury to reputation and business based on Defendants' "public seizure and road closure." ECF No. 1-1 at 6–7. The Magistrate Judge initially recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claims. In the alternative, in the event that this Court found that the exercise of supplemental jurisdiction was appropriate, the Magistrate Judge proceeded to a review of the merits of Plaintiff's state law claims and found that summary judgment was appropriate. The Court begins with a discussion of supplemental jurisdiction.

Pursuant to § 1367(a), the Court has supplemental jurisdiction over "all other claims that are so related to [the federal] claims in the action . . . that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). Therefore, supplemental jurisdiction "allows parties to append state law claims over which federal courts would otherwise lack

jurisdiction, so long as they form part of the same case or controversy." *Id.* (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724–26 (1966)). In deciding whether the claims form part of the same case or controversy, the courts look to whether "[t]he state and federal claims ... derive from a common nucleus of operative fact." *Gibbs*, 383 U.S. at 725; *see also White v. Cnty. of Newberry, S.C.*, 985 F.2d 168, 171 (4th Cir. 1993) (stating a district court may properly exercise supplemental jurisdiction over state claims if they arise out of a common nucleus of operative facts such that plaintiff would ordinarily be expected to try claims in one judicial proceeding). Here, supplemental jurisdiction exists.

The next issue is the exercise of supplemental jurisdiction. The Court's determination of whether to exercise such jurisdiction is discretionary. Under 28 U.S.C. § 1367, a court may decline to exercise supplemental jurisdiction based on statutory factors and an analysis of judicial economy, convenience, and fairness to the parties. *Gibbs*, 383 U.S. at 726. The section 1367(c) factors include whether: (1) the claim raises a novel or important issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) all claims over which the court has original jurisdiction are dismissed, or (4) other compelling reasons exist for declining jurisdiction. 28 U.S.C. § 1367(c). Here, the state law claims are not novel, the state law issues do not predominate, and the federal claims are subject to dismissal. Moreover, the Court finds that the interests of judicial economy, under the unique circumstances of this case, favor exercising supplemental jurisdiction. The Court is cognizant of the preference for state law issues to be decided by state courts; however,

4

under these specific circumstances and in light of the relevant factors, the Court finds that the exercise of supplemental jurisdiction is appropriate. Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

Having made this determination, the undersigned turns to the merits of Plaintiff's state law claims. As no party has objected[1] to the Magistrate Judge's recommendation that, upon review of the merits, Defendants' motion for summary judgment should be granted as to these claims, the Court has reviewed this portion of the Report for clear error. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

## **CONCLUSION**

Based upon the foregoing, the Court agrees in part and finds as moot in part the recommendation of the Magistrate Judge. The Court agrees with the Magistrate Judge's analysis of the federal causes of action, finds as moot the recommendation that the Court decline to exercise supplemental jurisdiction, and agrees with the alternative recommendation regarding the merits of Plaintiff's state law claims. Defendants' motion for summary judgment [21] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 30, 2026
Spartanburg, South Carolina

---

[1] The Court notes that Defendants reiterate the reasons why their motion should be granted upon review of the merits but finds that they are not objecting to the Magistrate Judge's analysis.

5